**Joseph William LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–04–00804–CR, 04–04–00805–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 15, 2006.

Terrance McDonald, San Antonio, for appellant.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, REBECCA SIMMONS, Justice.

## Opinion

Opinion by REBECCA SIMMONS, Justice.

Appellant Joseph William Lewis was placed on probation after entering a plea of no contest to two counts of Intoxication Assault. The State subsequently moved to revoke Lewis' probation, on both counts, alleging one count of injury to a child and three counts of consumption of alcohol in violation of the terms of his probation. Lewis entered a plea of "true" to each of the allegations of alcohol consumption and a plea of "not true" to the injury to a child allegation. The hearing was continued and during a subsequent hearing, the State abandoned the allegation of injury to a child. After finding the remaining allegations true, the trial court sentenced Lewis to two years confinement in each cause. Lewis' defense counsel filed a Motion for New Trial seeking a finding of "not true" on the injury to a child allegation. Although the trial court agreed to grant a new trial with regard to violation number one, the injury to a child allegation, defense counsel insisted his request was limited to a written finding of "not true" on the judgment. The trial court denied defense counsel's request. We affirm the trial court.

### FACTUAL BACKGROUND

On December 16, 2000, Lewis entered a plea of no contest to two felony charges of Intoxication Assault. The trial court assessed punishment at two years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID–TDCJ) and assessed a fine of $1,000.00 on each cause. The sentences were suspended and Lewis was placed on community supervision for a period of ten years. On June 8, 2004, at a hearing on the State's Motion to Revoke Probation, Lewis entered a plea of "true" to three allegations of consuming alcohol in violation of condition number two of his probation and a plea of "not true" to the State's allegation of injury to a child, in violation of condition number one of his probation. The trial court accepted Lewis' pleas of true and found the allegations were in fact true. At that point, the hearing was continued so as to allow the State to present evidence of the alleged violations.

The case was recalled on August 24, 2004. The defense and the State both announced they were ready to proceed. After Lewis affirmed to the trial court that he was the same person placed on probation in cause numbers 2001–CR–5715 and 2001–CR–5716, the following transpired:

> The Court: And he pled not true to number one and true to two, two and two. Is that correct?
>
> State: That's correct, Your Honor.
>
> The Court: On June 8th.
>
> State: That's correct. And actually, State (sic) is going to waive and abandon violation condition number one and just proceed with those—
>
> The Court: Okay.

No objection was made by Lewis or his counsel. The State proceeded to call Lewis' probation officer, but did not present any evidence on the injury to a child allegation. Lewis testified in his own defense and admitted drinking alcohol in violation of the terms of his probation. During defense counsel's argument to the trial court, he commented on the State's failure to present evidence on the alleged injury to a child in violation of condition number one.

> Defense: All this time [Lewis] has been waiting on a hearing on the allegations for a condition of one violation, which apparently the State doesn't want to proceed on it.

State: We will be proceeding on it, Your Honor.

The Court: It doesn't matter. You've waived it, as far as I'm concerned.

Defense: I think there are other remedies in short of sending him to prison

...

Once again, neither Lewis nor his defense counsel objected to the State's abandonment of the alleged violation of condition number one, namely the injury to a child allegation.

The trial court found the allegations of consuming alcohol in violation of Lewis' probation true, revoked his probation and sentenced Lewis to two years confinement in the ID–TDCJ on each cause. The trial court did not make a finding on the allegations of injury to a child. Lewis filed a timely Motion for New Trial and trial court denied Lewis' request to enter a finding of "not true" to the allegations of injury to a child.

Lewis appears to be raising two issues for appellate review: (1) the State improperly amended the motion to revoke probation in violation of TEX.CODE OF CRIM. PROC. ANN. art 42.12 sec. 24(a) and (2) the trial court's failure to enter a finding of "not true" on the abandoned allegation raises a potential collateral estoppel claim.

### FAILURE TO PRESERVE ERROR

■ Lewis argues the State's abandonment of the injury to a child allegation was an improper amendment in violation of TEX.CODE CRIM. PROC. ANN. art. 42.12. We are unable to find authority to substantiate Lewis' claim that the State's abandonment was, in fact, an amendment. *See Giddens v. State*, 1990 WL 77288 (Tex.App.-Houston [14th] 1990) (holding that the State's abandonment of the alleged violation, "which was beneficial to appellant," did not constitute an amendment under TEX.CODE CRIM. PROC. ANN. art 42.12 sec. 24(a)).

■ Assuming, *arguendo*, the State's abandonment was an amendment, Lewis' lack of objection amounted to a failure to preserve error. Pursuant to art. 42.12 § 24(a), once evidence has been introduced in a revocation proceeding, a motion to revoke shall not be amended. However, when the State abandoned the injury to a child allegation at the commencement of the hearing, neither Lewis nor his counsel objected. By failing to object to the State's abandonment, Lewis waived his right to complain on appeal. *See Burns v. State*, 835 S.W.2d 733, 735 (Tex.App.-Corpus Christi 1992, pet. ref'd); *Brown v. State*, 2005 WL 1276401 (Tex.App.-San Antonio 2005, no pet.); *see also* TEX.R.APP. P. 52(a) (To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection). Appellant has preserved nothing for our review.

### COLLATERAL ESTOPPEL CLAIM

■ Lewis next urges that the due process protections afforded by both the United States and Texas Constitutions establish a right for a probationer to have definitive resolution of every allegation joined in a revocation hearing. Because the State declined to present evidence as to the injury to a child allegation, Lewis contends the trial court should have made a finding of no evidence or insufficient evidence and reflected this as a finding of "not true" in the judgment.

■ Unlike a criminal proceeding, a defendant's guilt or innocence is not at issue during a probation revocation hearing. *Duke v. State*, 2 S.W.3d 512, 515–16 (Tex.App.-San Antonio 1999, no pet.). Because the only point at issue during a motion to revoke is "whether the defendant has committed an act which effectively broke the contract he or she made with

the court pursuant to granting probation," double jeopardy due process concerns do not apply. *Id.* at 516; *see also Kelly v. State,* 483 S.W.2d 467, 469 (Tex.Crim.App. 1972) ("The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of his guilt"). The revocation hearing allows the trial court to exercise its discretion in revoking or continuing the defendant on probation. It does not provide for either a conviction or an acquittal. *Duke,* 2 S.W.3d at 516 (citing *Davenport v. State,* 574 S.W.2d 73, 75 (Tex.Crim.App.1978)).

■ Furthermore, because a single violation is sufficient for the court to base a revocation of probation, due process requires a specific finding on only one violation. Tex.Code Crim. Proc. Ann. art. 42.12, § 21 (Vernon Supp.2003) (State must prove every element of at least one ground for revocation by a preponderance of the evidence); *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App.1979); *Watts v. State,* 645 S.W.2d 461, 463 (Tex.Crim.App.1983) (holding that a plea of "true" to even one allegation is sufficient to support a judgment revoking probation). The trial court found three separate violations to condition number two of his probation, namely the consumption of alcohol, to be true in each cause. We cannot say the trial court abused its discretion in revoking Lewis' probation on these grounds.

■ Lewis implies that without a finding of "not true" as to condition one, he might be prejudiced by another probation revocation or criminal prosecution for injury to a child. According to the record before us, there are no pending criminal charges pending against Lewis with regard to the injury to a child allegation and his two counts of probation for the underlying offenses of Intoxication Assault were revoked. Therefore, Lewis' alleged claim

is not ripe for consideration on appeal and any discussion of future offenses is not properly before this court. *See Burks v. State,* 876 S.W.2d 877, 889 (Tex.Crim.App. 1994) (finding claim of jeopardy from future prosecution not ripe for consideration in appeal). We therefore overrule Lewis' points of error one and two. The judgments of the trial court are affirmed.