NO. 07-07-0261-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 9, 2008
_____

BENNY JOE PALOMO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,305-C; HON. ANA E. ESTEVEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Benny Joe Palomo (appellant) appeals from a judgment adjudicating him guilty of indecency with a child by sexual contact. He originally pled no contest to the charge and per a plea agreement had the adjudication of his guilt deferred for seven years. Thereafter, the State moved the court to adjudicate his guilt. The court did so and entered

the aforementioned judgment. Appellate counsel moved to withdraw and filed an *Anders*[1]

brief in conjunction with that motion.

In the brief, counsel represents that, after conducting a diligent search, he found no

meritorious issues warranting appeal. So too did counsel inform appellant, by letter, of his

conclusions and of appellant's right to file a *pro se* response or brief. Like notice was also

forwarded to appellant by this court. In response, appellant filed a handwritten document

on March 18, 2008, and through it contended that his counsel was ineffective.[2]

Appellate counsel illustrated why the appeal was meritless. According to the record,

appellant pled true to three of the five allegations under which the State was proceeding.

Such an admission alone warranted the trial court's decision to adjudicate guilt. *See Lewis*

*v. State,* 195 S.W.3d 205, 209 (Tex. App.–San Antonio 2006, no pet.) (holding that one's

probation can be revoked upon any ground supported by the evidence). Nevertheless, the

State also presented evidence illustrating that the two other grounds alleged in its motion

were viable. Thus, the trial court had basis upon which to adjudicate appellant's guilt.

We also reviewed the record and appellant's *pro se* response, *sua sponte*, as

required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our review of those

items disclosed neither error committed by the trial court nor mistakes arguably supporting

reversal of the judgment. However, we do reform the judgment to state that appellant pled

---

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Grounds for ineffectiveness raised by appellant are 1) failure to quash enhancement portion of the indictment, 2) lying to appellant when counsel represented that he had filed a pre-trial motion to remove the enhancement portion of the indictment and 3) failing to contact any potential defense witnesses in preparation for the adjudication hearing or in conducting any type of investigation prior to the hearing.

2

"no contest," as opposed to guilty, to the original charge at the time the adjudication of his guilt was originally deferred.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed as reformed.

Brian Quinn
Chief Justice

Do not publish.