NO. 07-07-0413-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 7, 2008
______________________________

JESUS JARO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 96856; HONORABLE LAYNE WALKER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINIONAppellant Jesus Jaro appeals from the judgment revoking his deferred adjudication
community supervision, adjudicating him guilty of the offense of aggravated assault and
sentencing him to eleven years of confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that
there are no non-frivolous issues to appeal. Agreeing with appointed counsel’s conclusion
the record fails to show any arguably meritorious issue that could support the appeal, we
affirm the trial court’s judgment. 
          In March 2006, appellant was indicted for aggravated assault with a deadly
weapon.


 In January 2007, pursuant to a plea agreement, appellant plead guilty as
charged in the indictment, and, in February 2007, received deferred adjudication
community supervision for a period of five years, and a fine of $1000. Appellant’s deferred
adjudication was conditioned on his compliance with specified terms and conditions. 
          In July 2007, the State filed a Motion to Revoke Unadjudicated Probation, alleging
two violations of the terms of appellant’s deferred adjudication community supervision. 
This motion was heard by the court in September 2007. Appellant plead ”true” to the first
of the State’s allegations. The court heard evidence from appellant that he failed to report
as required by the terms of his community supervision. 
          Based on appellant’s plea of “true,” the court revoked appellant’s community
supervision, adjudicated appellant guilty of aggravated assault as alleged in the March
2006 indictment and assessed appellant’s punishment at eleven years of confinement in
the Institutional Division. The court certified appellant’s right of appeal, and he timely filed
notice of appeal.


 
 
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which she certifies that she has diligently reviewed
the record and, in her professional opinion, under the controlling authorities and facts of
this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal
arguably can be predicated. The brief discusses the procedural history of the case and the
proceedings in connection with the motion to adjudicate guilt. Counsel discusses the
applicable law and sets forth the reasons she believes there are no arguably meritorious
issues on which to appeal. Counsel has certified that a copy of the Anders brief and
motion to withdraw have been served on appellant, and that counsel has advised appellant
of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of
his opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel. Appellant has not filed a response. The State has filed a response indicating its
agreement with counsel’s conclusion.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
          In her brief, counsel notes the possibility that appellant might argue he had received
ineffective assistance of counsel in these proceedings. See Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53,
57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We
agree with counsel that the record contains no support for such a contention. We also
agree with counsel the record provides no reason to doubt that appellant freely, knowingly,
and voluntarily entered his plea of “true” to the first allegation contained in the State’s
motion to revoke. A plea of “true” to even one allegation in the State’s motion is sufficient
to support a judgment revoking community supervision. Cole v. State, 578 S.W.2d 127,
128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209 (Tex.App.–San Antonio
2006, pet. denied). 
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal from the
revocation, adjudication of guilt and sentence. We agree it presents no arguably
meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw


 and
affirm the judgment of the trial court.

 
 
 
                                                                James T. Campbell

                                                                         Justice

Do not publish.