NO. 07-07-0413-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 7, 2008
_____

JESUS JARO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 96856; HONORABLE LAYNE WALKER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jesus Jaro appeals from the judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of aggravated assault and sentencing him to eleven years of confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In March 2006, appellant was indicted for aggravated assault with a deadly weapon.[1] In January 2007, pursuant to a plea agreement, appellant plead guilty as charged in the indictment, and, in February 2007, received deferred adjudication community supervision for a period of five years, and a fine of $1000. Appellant's deferred adjudication was conditioned on his compliance with specified terms and conditions.

In July 2007, the State filed a Motion to Revoke Unadjudicated Probation, alleging two violations of the terms of appellant's deferred adjudication community supervision. This motion was heard by the court in September 2007. Appellant plead "true" to the first of the State's allegations. The court heard evidence from appellant that he failed to report as required by the terms of his community supervision.

Based on appellant's plea of "true," the court revoked appellant's community supervision, adjudicated appellant guilty of aggravated assault as alleged in the March 2006 indictment and assessed appellant's punishment at eleven years of confinement in the Institutional Division. The court certified appellant's right of appeal, and he timely filed notice of appeal.[2]

---

[1] *See* Tex. Penal Code Ann. § 22.02 (Vernon 2003). This offense is a second degree felony punishable by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[2] Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the Code of Criminal Procedure to omit the former provision that no appeal may be taken from a trial court's determination adjudicating deferred guilt and to provide that an appellate court can review a trial court's revocation of deferred adjudication in the same manner as a revocation hearing in which the trial court had not deferred an adjudication of guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2007). Because appellant was adjudicated guilty after the June 15, 2007 effective date, an appeal may be taken from this determination.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons she believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response. The State has filed a response indicating its agreement with counsel's conclusion.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In her brief, counsel notes the possibility that appellant might argue he had received ineffective assistance of counsel in these proceedings. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We

3

agree with counsel that the record contains no support for such a contention. We also agree with counsel the record provides no reason to doubt that appellant freely, knowingly, and voluntarily entered his plea of "true" to the first allegation contained in the State's motion to revoke. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the revocation, adjudication of guilt and sentence. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.