JERRY PHILLIP V. THE STATE OF TEXAS

NO. 07-07-0417-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2008

______________________________

JERRY DEEANN PHILLIP AKA JERRI DEEANN JONES

AKA JERRY DEEANN (JONES) SMITH AKA

JERRY DEANNETTE SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 98336; HONORABLE LAYNE WALKER, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant Jerry Deeann Phillip appeals from the judgment revoking her deferred adjudication community supervision, adjudicating her guilty of the offense of aggravated assault and sentencing her to 25 years of confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant's attorney has filed a brief in compliance with 
Anders
 
v. California,
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues to appeal.  Agreeing with appointed counsel’s conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court’s judgment. 

In August 2006, appellant was indicted for aggravated assault with a deadly weapon.
(footnote: 1)  In May 2007, pursuant to a plea agreement, appellant plead guilty as charged in the indictment, and, in June 2007, received deferred adjudication community supervision for a period of five years, and a fine of $1000.  Appellant’s deferred adjudication was conditioned on her compliance with specified terms and conditions. 

In August 2007, the State filed a Motion to Revoke Unadjudicated Probation, alleging four violations of the terms of appellant’s deferred adjudication community supervision.  This motion was heard by the court in September 2007.  Appellant plead “true” to three of the State’s allegations.
(footnote: 2)   The court heard evidence from appellant that she failed to report or pay as required by the terms of her community supervision.   

        Based on appellant’s pleas of “true,” the court revoked appellant’s community supervision, adjudicated appellant guilty of aggravated assault as alleged in the August 2006 indictment and assessed appellant’s punishment at 25 years of confinement in the Institutional Division.   The court certified appellant’s right of appeal, and she timely filed notice of appeal.
(footnote: 3) 

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to 
Anders
  in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated.  The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt.  Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal.  Counsel has certified that a copy of the 
Anders
 brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a 
pro se
 response. 
Johnson v. State
, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd).  By letter, this Court also notified appellant of her opportunity to submit a response to the 
Anders
 brief and motion to withdraw filed by her counsel.  Appellant has not filed a response.  The State has filed a response indicating its agreement with counsel’s conclusion.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record.  
Nichols v. State
, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
 

We agree with counsel that the record provides no reason to doubt that appellant freely, knowingly, and voluntarily entered her pleas of “true” to three of the allegations contained in the State’s motion to revoke.  A plea of “true” to even one allegation in the State’s motion is sufficient to support a judgment revoking community supervision.  
Cole v. State,
 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); 
Lewis v. State,
 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied).

Our review convinces us that appellate counsel conducted a complete review of the record.  We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the revocation, adjudication of guilt and sentence.   
We agree it presents no arguably meritorious grounds for review.  We grant counsel's motion to withdraw
(footnote: 4) and affirm the judgment of the trial court.

James T. Campbell

         Justice

Do not publish.

FOOTNOTES
1: 
See 
Tex. Penal Code Ann. § 22.02 (Vernon 2003).  This offense is a second degree felony punishable by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (Vernon 2003). 

2:  The State abandoned its first allegation. 

3: 
Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the Code of Criminal Procedure to omit the former provision that no appeal may be taken from a trial court’s determination adjudicating deferred guilt and to provide that an appellate court can review a trial court’s revocation of deferred adjudication in the same manner as a revocation hearing in which the trial court had not deferred an adjudication of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2007).  Because appellant was adjudicated guilty after the June 15, 2007 effective date, an appeal may be taken from this determination.

4: Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant’s right to file a 
pro se 
petition for discretionary review.  
See 
Tex. R. App. P. 48.4.