NUMBER 13-06-00571-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BRUCE WAYNE HARBOUR, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 147th District Court 

of Travis County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 This is a probation revocation case. Appellant, Bruce Wayne Harbour, pleaded
guilty to sexual assault and was placed on community supervision for a term of ten years. 
The State subsequently filed a motion to revoke appellant's community supervision. A
capias was issued and, fourteen years later, appellant was arrested. After a hearing, the
trial court revoked appellant's community supervision and sentenced him to ten years'
imprisonment. By three issues, appellant contends: (1) application of article 42.12 section
24 of the Texas Code of Criminal Procedure to the revocation proceeding violated the ex
post facto prohibitions of the United States and Texas Constitutions, see Tex. Code Crim.
Proc. Ann. art. 42.12 § 24; (2) application of article 42.12 section 24 to the revocation
proceeding violated retroactive law prohibitions of the Texas Constitution, see id.; and (3)
the trial court erred in not dismissing the motion to revoke because the State failed to
demonstrate that it used due diligence in prosecuting appellant's case and arresting him. 
We affirm.

I. Background

 The State's motion to revoke alleged that appellant violated the terms and
conditions of community supervision by using cocaine, failing to report, failing to maintain
suitable employment, failing to pay fees, and failing to participate in sex offender therapy. 
At the revocation hearing, appellant pleaded "true" to the allegations. However, in a
document entitled "Motion to Dismiss," appellant alleged that the State failed to exercise
due diligence in prosecuting his case and in executing a valid arrest warrant within a
reasonable amount of time. The trial court denied appellant's motion to dismiss, found the
State's allegations true, revoked appellant's community supervision, and sentenced him
to confinement in the Institutional Division of the Texas Department of Criminal Justice for
ten years.

II. Constitutionality of Article 42.12, Section 24

 By his first and second issues, appellant contends that application of amended
article 42.12, section 24 of the Texas Code of Criminal Procedure to the revocation
proceeding violates the ex post facto prohibitions of the United States and Texas
Constitutions and violates the Texas Constitution's prohibition against retroactive laws.

A. Article 42.12

 The purpose of article 42.12 is 


 to place wholly within the state courts the responsibility for determining when
the imposition of sentence in certain cases shall be suspended, the
conditions of community supervision, and the supervision of defendants
placed on community supervision, in consonance with the powers assigned
to the judicial branch of this government by the Constitution of Texas.


Tex. Code Crim. Proc. Ann. art. 42.12, § 1 (Vernon Supp. 2007). Effective June 18, 2003,
the Texas Legislature amended article 42.12 to extend the trial court's continuing
jurisdiction to revoke community supervision after the expiration of the term of community
supervision. See Act of May 30, 2003, 78th Leg., R.S., ch. 250, §§ 2, 3, 2003 Tex. Gen.
Laws 1158, 1158 (codified at Tex. Code Crim. Proc. Ann. art. 42.12, §§ 21(e) (Vernon
2006), 24 (Vernon Supp. 2007). Paragraph (e), which was added to section 21 of article
42.12, states:

 A court retains jurisdiction to hold a hearing under Subsection (b) and to
revoke, continue, or modify community supervision, regardless of whether
the period of community supervision imposed on the defendant has expired,
if before the expiration the attorney representing the state files a motion to
revoke, continue, or modify community supervision and a capias is issued for
the arrest of the defendant.


Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e). The legislature also added section 24:

 For the purposes of a hearing under Section . . . 21(b), it is an affirmative
defense to revocation for an alleged failure to report to a supervision officer
as directed or to remain within a specified place that a supervision officer,
peace officer, or other officer with the power of arrest under a warrant issued
by a judge for that alleged violation failed to contact or attempt to contact the
defendant in person at the defendant's last known residence address or last
known employment address, as reflected in the files of the department
serving the county in which the order of community supervision was entered.


Id. art. 42.12 § 24.

 The statute in effect when appellant was convicted provided that once the defendant 
raised the defense of lack of due diligence in a revocation proceeding, the State had the
burden to prove by a preponderance of the evidence that due diligence was used in
executing the capias and in holding a hearing on a motion to revoke. See Peacock v.
State, 77 S.W.3d 285, 288 (Tex. Crim. App. 2002). After the 2003 amendments to article
42.12, lack of due diligence became an affirmative defense that is limited to grounds for
revocation alleging failure to report or failure to remain in a specified place, and only certain
specific failures by the State established the defense. Wheat v. State, 165 S.W.3d 802,
805 (Tex. App.-Texarkana 2005, pet. dism'd); see Tex. Code Crim. Proc. Ann. art. 42.12
§ 24.

B. Ex Post Facto Law

 An ex post facto law: (1) punishes as a crime an act previously committed which
was innocent when done; (2) aggravates a crime and makes it greater than it was when
it was committed; (3) inflicts a greater punishment than the law attached to a criminal
offense when committed; or (4) alters the legal rules of evidence and receives less or
different testimony than the law required at the time of the commission of the offense in
order to convict the offender. Carmell v. Texas, 529 U.S. 513, 524-25 (2000). "The right
to be free of ex post facto laws as conferred by the federal and state constitutions is an
'absolute' right." Holcomb v. State, 146 S.W.3d 723, 731 (Tex. App.-Austin 2004, no pet.).

 In Carmell, the Supreme Court concluded:


 A law reducing the quantum of evidence required to convict an offender is as
grossly unfair as, say, retrospectively eliminating an element of the offense,
increasing the punishment for an existing offense, or lowering the burden of
proof. In each of these instances, the government subverts the presumption
of innocence by reducing the number of elements it must prove to overcome
that presumption. . . . In each instance, the government refuses, after the
fact, to play by its own rules, altering them . . . to facilitate an easier
conviction.


529 U.S. at 532-33.

 Appellant argues that he was entitled to a due diligence defense under the previous
law and that article 42.12, section 24, as amended, eliminated that defense when it
"change[d] the evidentiary burdens" by making due diligence an affirmative defense. 
Appellant asserts that at the time he committed the violations leading to the revocation, the
law required the State to present more evidence at the revocation proceeding, and
provided for a defense that placed the burden of proof on the State. We construe
appellant's argument as a contention that the statute is an ex post facto law under the
fourth category in Carmell; i.e., that it alters the legal rules of evidence, and receives less
or different testimony than the law required at the time of the commission of the offense
in order to convict the offender. See id. at 525. 

 However, the purpose of the revocation hearing was not to determine whether
appellant should be convicted of an offense. The issue at appellant's revocation hearing
was whether appellant violated the terms of community supervision. See Lewis v. State,
195 S.W.3d 205, 208-09 (Tex. App.-San Antonio 2006, no pet.) The result of appellant's
revocation hearing was not a conviction but a finding upon which the trial court could
exercise its discretion to either revoke or continue appellant's community supervision. See
id. at 209.

 Therefore, article 42.12, section 24 does not fall within Carmell's fourth category of
prohibited ex post facto laws. See Carmell, 529 U.S. at 524-25. It does not change
evidentiary burdens or eliminate defenses related to appellant's conviction. See id. at 532-33. Accordingly, article 42.12, section 24 does not violate the United States or Texas
constitutional prohibitions against ex post facto laws. See Grimes v. State, 807 S.W.2d
582, 586 (Tex. Crim. App. 1991) (en banc) (adopting same definition of ex post facto law
under the Texas Constitution as the Supreme Court applied under United States
Constitution).

C. Texas Retroactive Law The Texas Constitution states that "no . . . retroactive law . . . shall be made." Tex.
Const. art. I, § 16. "A retroactive law literally means a law that acts on things which are
past. However, not all statutes that apply retroactively are constitutionally prohibited. A
retroactive statute only violates our Constitution if, when applied, it takes away or impairs
vested rights acquired under existing law." Subaru of Am., Inc. v. David McDavid Nissan,
Inc., 84 S.W.3d 212, 219 (Tex. 2002). Whether the Texas Constitution's prohibition
against retroactive laws applies to criminal cases has not been determined. See Grimes,
807 S.W.2d at 587. Nonetheless, even assuming that the prohibition applies to criminal
cases, we must first determine whether article 42.12, section 24 deprived appellant of a
vested right. See Subaru of Am., Inc., 84 S.W.3d at 219; see also Grimes, 807 S.W.2d at
587-88 (assuming without deciding that article I, section 16's proscription against
retroactive legislation applies to criminal cases, the court of criminal appeals held "the
State's constitutional prohibition against retroactive legislation is not violated by Article
44.29(b)'s application in the trial court to cases which hue [sic] been reversed on appeal
for errors committed only in the punishment phase of trial").

 Appellant contends that he had a vested right in asserting a due diligence defense
at his revocation hearing, a defense which placed the burden of proof on the State. He
urges this Court to conclude that because amended article 42.12, section 24 disturbed this
vested right by shifting the burden of proof to appellant, its retroactive application violates
the Texas Constitution's prohibition on retroactive laws. We decline to do so.

 Appellant has not cited to statutory authority that a due diligence defense at a
probation revocation hearing is a vested right, and we find none. See Peacock, 77 S.W.3d
at 289 (acknowledging that there is "no express statutory authority for the due diligence
defense" at a probation revocation hearing). Furthermore, appellant has not shown that
he has a vested interest in the common law defense of due diligence. See Middleton v.
Tex. Power & Light Co., 108 Tex. 96, 107, 185 S.W. 556, 559 (1916) ("[N]o one has a
vested interest in the rules, themselves, of the common law; and it is within the power of
the Legislature to change them or entirely repeal them."). Therefore, we cannot conclude,
as appellant requests, that the legislature's action in eliminating certain grounds for the
defense and shifting the burden of proof disturbed a vested right. We conclude that article
42.12, section 24, as it impacts the issue of a due diligence defense, does not violate the
Texas Constitution.

 Accordingly, we overrule appellant's first and second issues.

III. Due Diligence

 By his third issue, appellant contends that the State did not prove, under former
article 42.12, that it exercised due diligence in executing the capias and conducting the
revocation hearing. However, section 24 of article 42.12 became effective June 18, 2003,
and applies to appellant's probation revocation hearing which was conducted on August
30, 2006. See Pena v. State, 201 S.W.3d 764, 765 (Tex. Crim. App. 2006) (noting that the
"effective date [of article 42.12, section 24] was June 18, 2003, and applies to all hearings
commencing on or after that date, regardless of whether a defendant was placed on
community supervision before"). Appellant concedes that under the new statute, his due
diligence argument lacks merit. Accordingly, we overrule appellant's third issue.

IV. Conclusion

 We affirm. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 17th day of July, 2008.