

# NUMBER 13-06-00571-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

| | |
|---|---|
| **BRUCE WAYNE HARBOUR,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 147th District Court of Travis County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

This is a probation revocation case. Appellant, Bruce Wayne Harbour, pleaded guilty to sexual assault and was placed on community supervision for a term of ten years. The State subsequently filed a motion to revoke appellant's community supervision. A capias was issued and, fourteen years later, appellant was arrested. After a hearing, the

trial court revoked appellant's community supervision and sentenced him to ten years' imprisonment. By three issues, appellant contends: (1) application of article 42.12 section 24 of the Texas Code of Criminal Procedure to the revocation proceeding violated the ex post facto prohibitions of the United States and Texas Constitutions, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24; (2) application of article 42.12 section 24 to the revocation proceeding violated retroactive law prohibitions of the Texas Constitution, *see id.*; and (3) the trial court erred in not dismissing the motion to revoke because the State failed to demonstrate that it used due diligence in prosecuting appellant's case and arresting him. We affirm.

## I. BACKGROUND

The State's motion to revoke alleged that appellant violated the terms and conditions of community supervision by using cocaine, failing to report, failing to maintain suitable employment, failing to pay fees, and failing to participate in sex offender therapy. At the revocation hearing, appellant pleaded "true" to the allegations. However, in a document entitled "Motion to Dismiss," appellant alleged that the State failed to exercise due diligence in prosecuting his case and in executing a valid arrest warrant within a reasonable amount of time. The trial court denied appellant's motion to dismiss, found the State's allegations true, revoked appellant's community supervision, and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years.

## II. CONSTITUTIONALITY OF ARTICLE 42.12, SECTION 24

By his first and second issues, appellant contends that application of amended article 42.12, section 24 of the Texas Code of Criminal Procedure to the revocation

2

proceeding violates the ex post facto prohibitions of the United States and Texas

Constitutions and violates the Texas Constitution's prohibition against retroactive laws.

## A. Article 42.12

The purpose of article 42.12 is

> to place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of community supervision, and the supervision of defendants placed on community supervision, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 1 (Vernon Supp. 2007). Effective June 18, 2003,

the Texas Legislature amended article 42.12 to extend the trial court's continuing

jurisdiction to revoke community supervision after the expiration of the term of community

supervision. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 250, §§ 2, 3, 2003 TEX. GEN.

LAWS 1158, 1158 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 21(e) (Vernon

2006), 24 (Vernon Supp. 2007). Paragraph (e), which was added to section 21 of article

42.12, states:

> A court retains jurisdiction to hold a hearing under Subsection (b) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e). The legislature also added section 24:

> For the purposes of a hearing under Section . . . 21(b), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

*Id.* art. 42.12 § 24.

The statute in effect when appellant was convicted provided that once the defendant raised the defense of lack of due diligence in a revocation proceeding, the State had the burden to prove by a preponderance of the evidence that due diligence was used in executing the capias and in holding a hearing on a motion to revoke. *See Peacock v. State*, 77 S.W.3d 285, 288 (Tex. Crim. App. 2002). After the 2003 amendments to article 42.12, lack of due diligence became an affirmative defense that is limited to grounds for revocation alleging failure to report or failure to remain in a specified place, and only certain specific failures by the State established the defense. *Wheat v. State*, 165 S.W.3d 802, 805 (Tex. App.–Texarkana 2005, pet. dism'd); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24.

### B. Ex Post Facto Law

An ex post facto law: (1) punishes as a crime an act previously committed which was innocent when done; (2) aggravates a crime and makes it greater than it was when it was committed; (3) inflicts a greater punishment than the law attached to a criminal offense when committed; or (4) alters the legal rules of evidence and receives less or different testimony than the law required at the time of the commission of the offense in order to convict the offender. *Carmell v. Texas*, 529 U.S. 513, 524-25 (2000). "The right to be free of ex post facto laws as conferred by the federal and state constitutions is an 'absolute' right." *Holcomb v. State*, 146 S.W.3d 723, 731 (Tex. App.–Austin 2004, no pet.).

In *Carmell*, the Supreme Court concluded:

A law reducing the quantum of evidence required to convict an offender is as grossly unfair as, say, retrospectively eliminating an element of the offense,

4

increasing the punishment for an existing offense, or lowering the burden of proof. In each of these instances, the government subverts the presumption of innocence by reducing the number of elements it must prove to overcome that presumption. . . . In each instance, the government refuses, after the fact, to play by its own rules, altering them . . . to facilitate an easier conviction.

529 U.S. at 532-33.

Appellant argues that he was entitled to a due diligence defense under the previous law and that article 42.12, section 24, as amended, eliminated that defense when it "change[d] the evidentiary burdens" by making due diligence an affirmative defense. Appellant asserts that at the time he committed the violations leading to the revocation, the law required the State to present more evidence at the revocation proceeding, and provided for a defense that placed the burden of proof on the State. We construe appellant's argument as a contention that the statute is an ex post facto law under the fourth category in *Carmell*; i.e., that it alters the legal rules of evidence, and receives less or different testimony than the law required at the time of the commission of the offense in order to convict the offender. *See id.* at 525.

However, the purpose of the revocation hearing was not to determine whether appellant should be convicted of an offense. The issue at appellant's revocation hearing was whether appellant violated the terms of community supervision. *See Lewis v. State*, 195 S.W.3d 205, 208-09 (Tex. App.–San Antonio 2006, no pet.) The result of appellant's revocation hearing was not a conviction but a finding upon which the trial court could exercise its discretion to either revoke or continue appellant's community supervision. *See id.* at 209.

5

Therefore, article 42.12, section 24 does not fall within *Carmell*'s fourth category of prohibited ex post facto laws. *See Carmell*, 529 U.S. at 524-25. It does not change evidentiary burdens or eliminate defenses related to appellant's conviction. *See id.* at 532-33. Accordingly, article 42.12, section 24 does not violate the United States or Texas constitutional prohibitions against ex post facto laws. *See Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim. App. 1991) (en banc) (adopting same definition of ex post facto law under the Texas Constitution as the Supreme Court applied under United States Constitution).

### C. Texas Retroactive Law

The Texas Constitution states that "no . . . retroactive law . . . shall be made." TEX. CONST. art. I, § 16. "A retroactive law literally means a law that acts on things which are past. However, not all statutes that apply retroactively are constitutionally prohibited. A retroactive statute only violates our Constitution if, when applied, it takes away or impairs vested rights acquired under existing law." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002). Whether the Texas Constitution's prohibition against retroactive laws applies to criminal cases has not been determined. *See Grimes*, 807 S.W.2d at 587. Nonetheless, even assuming that the prohibition applies to criminal cases, we must first determine whether article 42.12, section 24 deprived appellant of a vested right. *See Subaru of Am., Inc.*, 84 S.W.3d at 219; *see also Grimes*, 807 S.W.2d at 587-88 (assuming without deciding that article I, section 16's proscription against retroactive legislation applies to criminal cases, the court of criminal appeals held "the State's constitutional prohibition against retroactive legislation is not violated by Article

6

44.29(b)'s application in the trial court to cases which hue [sic] been reversed on appeal for errors committed only in the punishment phase of trial").

Appellant contends that he had a vested right in asserting a due diligence defense at his revocation hearing, a defense which placed the burden of proof on the State. He urges this Court to conclude that because amended article 42.12, section 24 disturbed this vested right by shifting the burden of proof to appellant, its retroactive application violates the Texas Constitution's prohibition on retroactive laws. We decline to do so.

Appellant has not cited to statutory authority that a due diligence defense at a probation revocation hearing is a vested right, and we find none. *See Peacock*, 77 S.W.3d at 289 (acknowledging that there is "no express statutory authority for the due diligence defense" at a probation revocation hearing). Furthermore, appellant has not shown that he has a vested interest in the common law defense of due diligence. *See Middleton v. Tex. Power & Light Co.*, 108 Tex. 96, 107, 185 S.W. 556, 559 (1916) ("[N]o one has a vested interest in the rules, themselves, of the common law; and it is within the power of the Legislature to change them or entirely repeal them."). Therefore, we cannot conclude, as appellant requests, that the legislature's action in eliminating certain grounds for the defense and shifting the burden of proof disturbed a vested right. We conclude that article 42.12, section 24, as it impacts the issue of a due diligence defense, does not violate the Texas Constitution.

Accordingly, we overrule appellant's first and second issues.

### III. DUE DILIGENCE

By his third issue, appellant contends that the State did not prove, under former article 42.12, that it exercised due diligence in executing the capias and conducting the

7

revocation hearing. However, section 24 of article 42.12 became effective June 18, 2003, and applies to appellant's probation revocation hearing which was conducted on August 30, 2006. *See Pena v. State*, 201 S.W.3d 764, 765 (Tex. Crim. App. 2006) (noting that the "effective date [of article 42.12, section 24] was June 18, 2003, and applies to all hearings commencing on or after that date, regardless of whether a defendant was placed on community supervision before"). Appellant concedes that under the new statute, his due diligence argument lacks merit. Accordingly, we overrule appellant's third issue.

### IV. CONCLUSION

We affirm.

                                                        NELDA V. RODRIGUEZ
                                                        Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 17th day of July, 2008.