Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★  ★  ★                    ★  ★  ★

# MEMORANDUM OPINION

No. 04-07-00808-CR

Alfonso G. **DIAZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-3901W
Honorable Bert Richardson, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:      Alma L. López, Chief Justice
              Catherine Stone, Justice
              Sandee Bryan Marion, Justice

Delivered and Filed:  September 10, 2008

AFFIRMED

Defendant, Alfonso Diaz, pled no contest to one count of aggravated assault with a deadly weapon and the trial court placed defendant on deferred adjudication community supervision for a term of ten years.  Later, the State filed a Second Amended Motion to Enter Adjudication of Guilt and Revoke Community Supervision, alleging nine violations of community supervision.  After a hearing on the State's motion, the trial court adjudicated defendant guilty and assessed punishment at twelve years' confinement.  We affirm.

**DISCUSSION**

In two issues on appeal, defendant argues the trial court abused its discretion in 1) adjudicating guilt because there was insufficient evidence to support the adjudication and 2) assessing twelve years' confinement because it is excessive.

As a preliminary matter, we first address the State's argument that "the trial court's decision to proceed with adjudication of guilt is one of absolute discretion and is not reviewable on appeal." We conclude the State's argument is without merit. An adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing. TEX. CODE CRIM. PROC. art. 42.12 § 5(b) (Vernon Supp. 2008).

In his first issue, defendant complains the trial court abused its discretion when it adjudicated guilt. Defendant complains the record 1) contains no indication that he pled true to any violation; 2) fails to indicate which condition of probation the court found he violated; and 3) contains insufficient evidence to sustain the court's finding that he violated a condition of his probation.

An appellate court reviews the trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* A violation of a single condition of probation is sufficient for the court to enter an adjudication of guilt and revoke probation. TEX. CODE CRIM. PROC. Ann. art. 42.12, § 21 (Vernon Supp. 2008); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.).

Here, the State's Second Amended Motion to Enter Adjudication of Guilt and Revoke Community Supervision alleged nine violations of the conditions of defendant's community

supervision. The first condition required defendant to refrain from violating the State's laws. The State alleged defendant, while subject to the terms of his community supervision, violated the law by evading arrest and detention. At the hearing on the State's motion, with defendant and his counsel present, the court announced the adjudication of guilt was part of a plea agreement. The court also noted it understood that the terms of the plea agreement called for the court to find defendant guilty of the underlying aggravated assault, and in exchange, the State would dismiss the charge of evading arrest. Although defendant remained silent, attorneys for the State and defendant agreed these were the terms. The court then read aloud from the Pre-Sentencing Investigation recounting details of the charged violation of defendant's community supervision, in which he attempted to evade arrest by leading officers in a vehicle-pursuit until he stopped his car on IH-35, leapt over the railing, and attempted to flee on foot. In response, defendant's attorney explained to the court that defendant had sought medical treatment for a severe panic disorder, which he said caused defendant to flee from the police. Defendant asked the court to consider keeping him on deferred adjudication and maintain his community supervision. The court entered a judgment adjudicating guilt based on a violation of Condition 1 "as set out in the State's motion to adjudicate."

A plea of true, standing alone, is sufficient to support the trial court's order of revocation. *Hays v. State,* 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). Here, it is apparent from the record that defendant pled true to the allegation that he violated the terms of his community supervision by evading arrest and detention. Accordingly, we conclude the court did not abuse its discretion.

In his second issue, defendant complains twelve years' confinement is excessive. However, because defendant failed to raise this objection at the trial court, he has failed to preserve the issue

for review.  *See* TEX. R. APP. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice

Do not publish