# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00514-CR

**David Rashad Sims, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
## NO. 66401, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Rashad Sims pleaded guilty to aggravated assault with a deadly weapon.  *See* Tex. Penal Code Ann. § 22.02 (West 2011).  Pursuant to Sims's plea agreement with the State, the trial court placed Sims on deferred adjudication community supervision for a term of ten years.  Less than six months later, the State filed a motion to adjudicate, alleging in thirteen paragraphs that Sims had violated several conditions of his community supervision.

At the conclusion of a hearing on the motion to adjudicate, the trial court found that Sims had violated the terms and conditions of his community supervision and granted the State's motion.  Following a subsequent sentencing hearing, the court revoked Sims's community supervision, adjudicated him guilty, and assessed his punishment at twelve years' imprisonment.

On appeal, Sims does not challenge the trial court's decision to revoke his community supervision and adjudicate him guilty.  Rather, Sims requests that we modify the judgment adjudicating

guilt to correct certain errors. Specifically, Sims presents three points of error, arguing that (1) the court erred in indicating in the judgment that appellant pleaded "true" to allegations presented in paragraphs F, L, and M of the State's motion to adjudicate, (2) the evidence is insufficient to support the court's finding of "true" to paragraph B of the State's motion to adjudicate, and (3) the court erred in ordering Sims to pay court-appointed attorney's fees. Because we conclude that the judgment adjudicating guilt contains errors as alleged in points of error one and three, we modify the judgment, and as modified, we affirm the judgment.

## DISCUSSION

In his first point of error, Sims argues that the judgment adjudicating guilt incorrectly reflects that he pleaded true to allegations presented in paragraphs A, F, L, and M of the State's motion to adjudicate. According to Sims, he only pleaded "true" to paragraph A, which alleges that he committed the felony offense of burglary of a habitation.[1] Sims requests that we modify the judgment to properly reflect that he did not plead "true" to the allegations in paragraphs F, L, and M.[2]

At the hearing on the motion to adjudicate, Sims pleaded "true" to the allegations contained in paragraph A of the State's motion to adjudicate and pleaded "not true" to the remaining

---

[1] Sims subsequently pleaded guilty to the offense of burglary of a habitation, trial court cause number 67534. *See* Tex. Penal Code Ann. § 30.02 (West 2011). The court adjudged Sims guilty and assessed punishment at twelve years' imprisonment, with the sentence to run concurrently with the sentence in this case. We affirmed the judgment of conviction on appeal. *Sims v. State*, No. 03-11-00515-CR, slip op. at 1-2 (Tex. App.—Austin February 29, 2012, no pet. h.) (mem. op., not designated for publication), *available at* http://www.3dcoa.courts.state.tx.us.

[2] A plea of "true" to even one allegation in the State's motion to adjudicate is sufficient to support a judgment revoking community supervision. *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.).

2

twelve paragraphs. The State concedes that the court's judgment adjudicating guilt incorrectly recites that Sims pleaded guilty to paragraphs F, L, and M. After reviewing the record in the light most favorable to the judgment, we agree that the judgment is incorrect. We sustain Sims's first point of error.

In his second point of error, Sims argues that the evidence is insufficient to support the trial court's finding that he violated the terms and conditions of his community supervision as set forth in paragraph B of the State's motion to adjudicate. Sims requests that we modify the district court's judgment adjudicating guilt to delete this finding.

Condition 2 of Sims's community supervision required him to abstain from the use of illegal drugs. Paragraph B of the State's motion to adjudicate alleges that Sims violated this condition by testing positive for marijuana use. Sims argue that there is no evidence to support the trial court's finding that he violated the terms and conditions of his community supervision on this basis. However, Sims misinterprets the court's judgment. The court's judgment adjudicating guilt, dated June 10, 2011, and made part of the record on appeal, clearly states that Sims pleaded "not true" to paragraph B. The judgment further states that "paragraphs B, C, D, E, G, H, I, J, K, and L were found [by the court] to be not true." Thus, even assuming that Sims's contention that the evidence does not support a finding of "true" to paragraph B is correct, the judgment does not contain such a finding. Because the judgment adjudicating guilt does not contain the error as alleged with regard to paragraph B, Sims's second point of error is overruled.

In his final point of error, Sims contends that the evidence is insufficient to support the trial court's order requiring him to pay court-appointed attorney's fees upon release from

3

incarceration. Article 26.05(g) of the Texas Code of Criminal Procedure governs the assessment of court-appointed attorneys fees. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). A trial court's authority to order a defendant to repay the cost of court-appointed counsel depends upon the court's determination that "the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." *Id*. Once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. *Id*. art. 26.04(p) (West Supp. 2010). Accordingly, to require a defendant to repay court-appointed attorney's fees, the State must present evidence that the defendant's financial circumstances have materially changed since the court's initial finding of indigence and that the defendant is now capable of paying some or all of those fees. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) ("[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."). When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Id*. at 557.

The trial court appointed counsel to represent Sims shortly after the State filed its motion to adjudicate, and appointed counsel continued to represent Sims throughout the subsequent trial proceedings. Nevertheless, the judgment adjudicating guilt orders Sims to pay "court costs and attorney fees, if able, after release from incarceration." As the State acknowledges, there is nothing in the record indicating that Sims's financial circumstances changed after the court's appointment of counsel. There is no record that the trial court ever determined that Sims has the ability to pay attorney's fees. Instead, the record shows that less than two months after the court ordered the payment of attorney's fees, it appointed counsel to represent Sims on appeal.

4

Further, as the State also acknowledges, the fact that the ordered payment is conditioned on release and ability to pay in the future does not negate the requirements of article 26.05(g). The possibility that circumstances may change in the future does not prove that Sims presently has the financial resources to pay his attorney's fees. *See Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.) (explaining that trial court's presumption that defendant might obtain employment in the future did not prove she presently had ability to pay court-appointed attorney's fees). Having reviewed the record in the light most favorable to the trial court's ruling, we agree with the parties that the evidence fails to support a finding that Sims's financial situation has changed and that he is now capable of paying attorney's fees. We sustain Sims's third point of error.

An appellate court has the power to correct clerical errors in a trial court's judgment if the appellate court has the information necessary to do so. Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also Boone v. State*, No. 03-10-00400-CR, 2011 Tex. App. LEXIS 5957, at *1 (Tex. App.—Austin July 28, 2011, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees before affirming conviction). In this case, having sustained Sims's first point of error, we modify the trial court's judgment adjudicating guilt to reflect that Sims only pleaded true to paragraph A, deleting "F, L, and M" from the section of the judgment entitled "Plea to Motion to Adjudicate." Further, having sustained Sims's third point of error, we modify the trial court's judgment adjudicating guilt to delete the order that Sims pay $787.50 in attorney's fees.

The judgment of conviction is affirmed as modified.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson, and Goodwin

Modified and, as Modified, Affirmed

Filed:   February 29, 2012

Do Not Publish

6