NO. 07-07-0409-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 5, 2009
_____

ALFREDO ANTONIO TREVINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 04-06-0417011-CR; HONORABLE CARA WOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Alfredo Antonio Trevino appeals from the judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of injury to a child and sentencing him to ten years of confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's

conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In June 2004, appellant was indicted on two counts of aggravated sexual assault of a child.[1] In January 2007, appellant, pursuant to a plea agreement, plead guilty to the lesser-included offense of injury to a child and received deferred adjudication community supervision for a period of ten years. Appellant's deferred adjudication was conditioned on his compliance with specified terms and conditions.

In May 2007, the State filed a Motion to Revoke Community Supervision, alleging ten violations of the terms of appellant's deferred adjudication community supervision. This motion was heard by the court in August 2007. Appellant plead "true" to all but one of the State's allegations.[2] The court heard evidence from appellant's probation officer that appellant failed to comply with several terms and conditions of his community supervision by, among others, failing to report, failing to complete community service, failing to abide by travel restrictions, failing to abstain from the use of controlled substances, and failing to remain at least 1,000 feet from premises where children commonly gather, and overall "held minimal regard for the conditions of probation." The court also heard appellant's brief testimony in which he indicated to the court his desire to continue his probation.

---

[1] *See* Tex. Penal Code Ann. § 22.021(a)(1)(B) (Vernon 2007).

[2] At the hearing, appellant's counsel answered "not true" on appellant's behalf to the State's eighth allegation because he did not feel the condition that appellant not go into or within a distance of 1,000 feet of premises where children commonly gather is a proper condition for injury to a child. The State took the position the condition was agreed to at the time appellant entered his guilty plea. The court agreed and found the State's eighth allegation to be true.

Based on appellant's pleas of "true" and the evidence presented before it, the court revoked appellant's community supervision, adjudicated appellant guilty of injury to a child and assessed appellant's punishment at ten years of confinement in the Institutional Division. The court certified appellant's right of appeal, and he timely filed notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which an appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to revoke appellant's community supervision. Counsel discusses the applicable law, identifies possible grounds for appeal, then sets forth the reasons those possible grounds are not arguably meritorious. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court

3

determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel first notes that appellant's plea of "true" to even one allegation in the State's motion was sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied). Counsel also evaluates the possibility that appellant might argue he received ineffective assistance of counsel in the revocation proceedings. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record contains no support for such a contention.

Lastly, we agree with counsel that the record does not support a contention the sentence imposed by the court was improper. *See* Tex. Penal Code Ann. § 22.04 (Vernon 2005); Tex. Penal Code Ann. § 12.34 (Vernon 2003). *See also Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the revocation,

4

adjudication of guilt and sentence. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.