NO. 07-08-0382-CR; 07-08-0383-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 2, 2009
_____

JEFFREY LYNN COX, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15170-0310, A15191-0310; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Jeffrey Lynn Cox appeals from the revocation of his community supervision for the offenses of forgery and theft and the resulting concurrent sentences of two years of confinement in a state jail facility. Appellant's attorney has filed a consolidated brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the

record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgments.

In October 2003, appellant was charged by indictment of the offense of forgery.[1] In a separate October 2003 indictment, appellant was charged with the offense of theft.[2] On February 23, 2004, pursuant to a plea agreement, appellant plead guilty as charged in each of the indictments and, on February 24, was placed on deferred adjudication community supervision for a period of five years for each cause. Appellant's deferred adjudication was conditioned on his compliance with specified terms and conditions.

On March 13, 2006, the State filed its first motions to revoke. By agreed orders, appellant's community supervision for each cause was modified to include additional terms and conditions. In June 2008, the State filed its second motions to revoke, setting forth several violations of the terms and conditions of appellant's deferred adjudication community supervision. The alleged violations included allegations that appellant committed the offense of intentionally, knowingly or recklessly causing bodily injury to another on April 15, 2008, admitted to using alcohol in April 2008, failed to report as required for the month of December 2007 and March 2008, failed to pay fines and fees as required, failed to attend AA meetings as required, and willfully and knowingly violated his

---

[1] *See* Tex. Penal Code Ann. § 31.21 (Vernon 2003).

[2] *See* Tex. Penal Code Ann. § 31.03 (Vernon 2007).

curfew.[3] On September 5, 2008, this motion was heard by the court. Appellant pled "true" to all of the State's allegations for each cause.

The State presented the testimony of appellant's community supervision officer. Appellant testified, acknowledging and explaining the violation of the terms of his community supervision. After hearing the evidence presented and pursuant to appellant's pleas of "true," the trial court revoked appellant's community supervision and sentenced appellant to two years to run concurrently in a state jail facility of the Texas Department of Criminal Justice, and ordered him to pay court costs, restitution, and any court appointed attorney's fees. This appeal followed.

Appellant's appointed appellate counsel filed a consolidated motion to withdraw and a consolidated brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967), in which he certifies that he has diligently reviewed the record for each cause and, in his professional opinion, under the controlling authorities and facts of these cases, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief discusses the procedural history of the causes and the proceedings in connection with the motions to revoke. Counsel also notes one potential issue upon which error may lie but has explained why the argument lacks merit. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have

---

[3] The allegations contained in the State's motion to revoke as to appellant's theft community supervision were substantially similar to those in the motion pertaining to his forgery offense with the exception that the delinquent balance on his fine, court costs and restitution were different and there was no allegation that appellant was delinquent on his community supervision fees.

been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, counsel notes a potential issue concerning the legal and factual sufficiency of the evidence to support the revocations. At the revocation hearing, appellant plead "true" to all of the State's allegations. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied). We agree there is no arguably meritorious ground for appeal on this point.

We find also no arguably meritorious point may be raised with regard to the punishment assessed to appellant. The trial court assessed punishment for appellant at two years of confinement, to run concurrently, at a state jail facility. This is an acceptable term

4

within the permissible range.[4]  It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal.  *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984).

Our review convinces us that appellate counsel conducted a complete review of the record for each cause.  We have also made an independent examination of the entire record for each cause to determine whether there are any arguable grounds which might support the appeal. We agree the records present no arguably meritorious grounds for review.  We grant counsel's motion to withdraw[5] in each cause and affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] The offenses for which appellant plead guilty were state jail felonies punishable by confinement in a state jail facility for any term of not more than two years or less than 180 days and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.35 (Vernon 2003); Tex. Penal Code Ann. § 31.03(4)(A) (Vernon 2007); Tex. Penal Code Ann. § 32.21(d) (Vernon 2003).

[5] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  *See* Tex. R. App. P. 48.4.