NO. 07-08-0422-CR; 07-08-0423-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 3, 2009
_____

TIRSO TITO BARRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A16367-0510, A16459-0511; HONORABLE ROBERT W. KINKAID, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Tirso Tito Barrera appeals from the judgment revoking his community supervision and sentencing him to two years in a state jail facility and imposing on him a $2,000 fine. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In October 2005, appellant was indicted for burglary of a building committed on or about September 26, 2005.[1] In November 2005, appellant was indicted for burglary of a building committed on or about September 20, 2005. In December 2005, appellant plead guilty to each offense and was sentenced to two years in a state jail facility and a $2,000 fine was imposed against him. The court suspended appellant's sentence and placed him on community supervision for a period of three years. Appellant's supervision was conditioned on his compliance with specified terms and conditions.

Thereafter, the State filed two Motions to Revoke Community Supervision. After a hearing on each, the court continued appellant on community supervision. The State filed a third Motion to Revoke Community Supervision in August 2008. This motion was heard by the court in September 2008. The State abandoned the allegations in paragraph one of each of its motions and appellant plead "true" to the remaining allegations. The court received signed stipulations of evidence in each cause indicating appellant's plea of "true" to the State's allegations. Appellant testified, admitting to his continued use of crack cocaine. Appellant also admitted to failing to report as required, to being delinquent in paying required fees, to failing to attend alcoholics anonymous or narcotic anonymous meetings as required, and to failing to participate in and complete the required community service. Appellant also indicated to the court his desire to continue his community supervision and enter into a rehabilitation program.

---

[1] *See* Tex. Penal Code Ann. § 30.02 (Vernon 2003).

Based on appellant's pleas of "true" and the evidence presented before it, the court revoked appellant's community supervision in each cause and assessed appellant's punishment at confinement in a state jail facility for two years. The court also imposed a $2,000 fine against appellant in each cause and ordered the sentences to run concurrently. The court certified appellant's right of appeal in each cause, and he timely filed notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of each case and the proceedings in connection with the motions to revoke appellant's community supervision. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel notes the court did not abuse its discretion in revoking appellant's community supervision, particularly in light of the fact appellant was before the court on the State's third motion to revoke in less than three years. Appellant plead "true" to the all but one of the State's allegations. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied). We find also that the record provides no reason to doubt that appellant freely, knowingly, and voluntarily entered his plea of "true" to the allegations contained in the State's motion to revoke.

We note also the record does not support a contention that the court acted outside the zone of reasonableness in imposing appellant's sentence as it was within the range proscribed by the Penal Code for this offense. *See* Tex. Penal Code Ann. § 30.02(c)(1) (Vernon 2003); Tex. Penal Code Ann. § 12.35 (Vernon 2007). *See also Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

4

Our review convinces us that appellate counsel conducted a complete review of the records. We have also made an independent examination of the entire record in each cause to determine whether there are any arguable grounds which might support the appeals from the revocations and sentences. We agree the records present no arguably meritorious grounds for review. Accordingly, we grant counsel's motions to withdraw[2] and affirm the judgment of the trial court in each cause.

James T. Campbell
Justice

Do not publish.

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.