NO. 07-10-00006-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
25, 2010

 



 

ANDREW LEE BANDA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B17228-0705; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant
Andrew Lee Banda appeals from the trial court’s adjudication of his guilt for
the offense of burglary of a habitation and the resulting sentence of ten years
of imprisonment.  Appellant's
attorney has filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App.
2008).  Agreeing with appointed counsel=s conclusion the record fails to show
any arguably meritorious issue that could support the appeal,
we affirm the trial court=s judgment.

 

Background

            In
August 2007, appellant plead guilty to the offense of burglary of a
habitation.  The trial court deferred
adjudication of guilt and placed appellant on community supervision for a
period of four years.  Appellant’s
community supervision was conditioned on his
compliance with specified terms and conditions. 
In October 2009, the State filed a motion to proceed with an
adjudication of guilt and the court heard the motion in December 2009.

            Appellant plead true
to the allegations.  The record also
contains documents signed by appellant, including a stipulation of evidence and
revocation of probation form.  Appellant
testified, admitting to possession of 4.2 grams of cocaine when he was
arrested.  The State also presented the
testimony of appellant’s community supervision officer.  She testified to the new drug offense, as
well as his failure to report, make required payments and fulfill community
service hours. The trial court, based on appellant’s plea of “true” and the
evidence presented, revoked his community supervision and adjudicated appellant
guilty. Neither side presented punishment evidence and
the trial court assessed punishment against appellant at ten years of
imprisonment.  This appeal followed.

            Thereafter,
appellant's appointed appellate counsel filed a motion to withdraw and a brief
in support pursuant to Anders in which he certifies that he has
diligently reviewed the record and, in his professional opinion, under the
controlling authorities and facts of this case, there is no reversible error or
legitimate grounds on which a non-frivolous appeal arguably can be predicated.  The brief discusses the procedural history of
the case and the proceedings in connection with the motion to adjudicate guilt.  Counsel discusses the applicable law and sets
forth the reasons he concludes there are no arguably meritorious issues on
which to base an appeal.  Counsel has
certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of his right
to review the record and file a pro se response. Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.BWaco 1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant has not filed a response.

In conformity with the standards set out by the
United States Supreme Court, we will not rule on the motion to withdraw until
we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.BSan Antonio 1997, no pet.).  If this Court determines the
appeal has merit, we will remand it to the trial court for appointment of new
counsel.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).        

In his brief, counsel concludes no arguably
meritorious issues are presented here. 
We agree.            Appellant
entered a plea of “true” to each of the State’s allegations.  These admissions alone
warranted the trial court's decision to adjudicate guilt. See Lewis v. State, 195 S.W.3d 205, 209 (Tex. App.-San
Antonio 2006, no pet.) (holding that one's probation can be revoked upon any ground supported by
the evidence). Nevertheless, the State also presented evidence illustrating the
grounds alleged in its motion. Thus, the trial court had basis upon which to adjudicate appellant's guilt. 

We note also appellant’s punishment was within the
permissible range for a second degree felony. 
Appellant originally pleaded guilty to burglary of a habitation, an
offense with an applicable punishment range of not more than 20 years or less
than 2 years.  See Tex. Penal Code Ann. § 12.33 (Vernon
2003).  The trial court sentenced
appellant to ten years of imprisonment, a term well within the applicable
range.  It
is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814
(Tex.Crim.App. 1984); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have
traditionally held that as long as the sentence is
within the range of punishment established by the Legislature in a valid statute, it does not
violate state or federal prohibitions).

Our review
convinces us that appellate counsel conducted a complete review of the
record.  We have also made an independent
examination of the record to determine whether there are any arguable grounds
which might support the appeal from the revocation and sentence.  We agree it presents
no arguably meritorious grounds for review.  Accordingly, we grant counsel's motion to
withdraw[1] and
affirm the judgment of the trial court.

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not
publish.











[1] Counsel shall, within five
days after the opinion is handed down, send his client a copy of the opinion
and judgment, along with notification of the defendant=s right to file a pro se petition
for discretionary review.  See Tex.
R. App. P. 48.4.