NO. 07-10-00006-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 25, 2010

ANDREW LEE BANDA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17228-0705; HONORABLE EDWARD LEE SELF, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Andrew Lee Banda appeals from the trial court's adjudication of his guilt for the offense of burglary of a habitation and the resulting sentence of ten years of imprisonment. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

Background

In August 2007, appellant plead guilty to the offense of burglary of a habitation. The trial court deferred adjudication of guilt and placed appellant on community supervision for a period of four years. Appellant's community supervision was conditioned on his compliance with specified terms and conditions. In October 2009, the State filed a motion to proceed with an adjudication of guilt and the court heard the motion in December 2009.

Appellant plead true to the allegations. The record also contains documents signed by appellant, including a stipulation of evidence and revocation of probation form. Appellant testified, admitting to possession of 4.2 grams of cocaine when he was arrested. The State also presented the testimony of appellant's community supervision officer. She testified to the new drug offense, as well as his failure to report, make required payments and fulfill community service hours. The trial court, based on appellant's plea of "true" and the evidence presented, revoked his community supervision and adjudicated appellant guilty. Neither side presented punishment evidence and the trial court assessed punishment against appellant at ten years of imprisonment. This appeal followed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history

2

of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there are no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

In his brief, counsel concludes no arguably meritorious issues are presented here. We agree. Appellant entered a plea of "true" to each of the State's allegations. These admissions alone warranted the trial court's decision to adjudicate guilt**.** *See Lewis v. State,* 195 S.W.3d 205, 209 (Tex. App.-San Antonio 2006, no pet.) (holding that one's probation can be revoked upon any ground supported by the evidence). Nevertheless, the State also presented evidence illustrating the grounds alleged in its motion. Thus, the trial court had basis upon which to adjudicate appellant's guilt**.**

We note also appellant's punishment was within the permissible range for a second degree felony. Appellant originally pleaded guilty to burglary of a habitation, an offense with an applicable punishment range of not more than 20 years or less than 2 years. *See* Tex. Penal Code Ann. § 12.33 (Vernon 2003). The trial court sentenced appellant to ten years of imprisonment, a term well within the applicable range. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[1] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[1] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.