NO. 07-09-00147-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
17, 2010

 



 

ERIC LEE DIAZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 16,202-A; HONORABLE HAL MINER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Eric Lee
Diaz appeals from the judgment revoking his
community supervision and sentencing him to fourteen years of imprisonment and
imposing on him a $10,000 fine. 
Appellant's attorney has filed a brief in compliance with Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no
non-frivolous issues to appeal.  Agreeing with
appointed counsel=s conclusion the record fails to show any
arguably meritorious issue that could support the appeal,
we affirm the trial court=s judgment.

In July 2004, appellant was indicted for aggravated
assault with a deadly weapon.[1]   In November 2004, appellant plead guilty to
that offense and was placed on community supervision for a period of five
years.  Appellant=s supervision was conditioned on his
compliance with specified terms and conditions. In 2006, after appellant
violated terms of his community supervision, his supervision was extended with
supplemental terms added.

Thereafter, in
April 2008, the State filed a motion to revoke appellant=s community
supervision, alleging ten violations. 
This motion was heard by the court in March 2009.  Appellant plead “true” to eight
allegations.  The court received evidence
concerning each.

Appellant=s probation
officer testified in support of the motion to revoke.  The victim of the aggravated assault with a
deadly weapon also testified, describing the events that caused a compound
fracture to his nose, an exposed sinus cavity, cuts and bruises all over his
body, and a dislocated shoulder. He identified appellant as the individual who
hit him in the face with a brick.

Appellant
testified at the hearing, explaining his version of the events involved in the
assault.  He denied using a brick to hit
the victim in the head.  Appellant
admitted to several of the other allegations made by the State and expressed
his desire to remain on probation and be with his young children. 

Based on appellant=s pleas of Atrue@ and the evidence
presented before it, the court revoked appellant=s community
supervision and assessed appellant=s punishment at confinement in the Institutional
Division for a period of fourteen years. 
The court certified appellant=s right of appeal, and he timely filed notice of
appeal.

Thereafter,
appellant's appointed appellate counsel filed a motion to withdraw and a brief
in support pursuant to Anders in which he certifies that he has
diligently reviewed the record and, in his professional opinion, under the
controlling authorities and facts of this case, there is no reversible error or
legitimate grounds on which a non-frivolous appeal arguably can be
predicated.  The brief discusses the
procedural history of the case and the proceedings in connection with the
motion to revoke appellant=s community
supervision.  Counsel discusses the
applicable law and sets forth the reasons he believes there are no arguably
meritorious issues on which to appeal. 
Counsel has certified that a copy of the Anders brief and motion
to withdraw have been served on appellant, and that counsel has advised
appellant of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco
1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant has not filed a response.

In conformity with
the standards set out by the United States Supreme Court, we will not rule on
the motion to withdraw until we have independently examined the record.  Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.BSan
Antonio 1997, no pet.).  If this Court
determines the appeal has merit, we will remand it to the trial court for
appointment of new counsel.  Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel concludes
the court did not abuse its discretion in revoking appellant=s community
supervision.  Appellant plead Atrue@ to all but two of
the State=s allegations.  A plea of Atrue@ to even one
allegation in the State=s motion is sufficient to support a
judgment revoking community supervision. 
Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205,
209 (Tex.App.BSan
Antonio 2006, pet. denied).  

Counsel also
determines the record does not support a contention that the court acted
outside the zone of reasonableness in imposing appellant=s sentence as it
was within the range proscribed by the Penal Code for this offense.  See Tex. Penal Code Ann. ' 22.02 (Vernon
2009); Tex. Penal Code Ann. ' 12.33 (Vernon
2007).  See also Jordan v.
State, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); Rodriguez
v. State, 917 S.W.2d 90, 92 (Tex.App.BAmarillo 1996,
pet. ref=d) (Texas courts
have traditionally held that as long as the sentence is within the range of
punishment established by the Legislature in a valid statute, it does not
violate state or federal prohibitions). 
Counsel does note that the judge expressed displeasure that appellant
denied the use of the brick in the assault after entering a plea of guilty to
the charge and signing plea papers admitting he used the brick in the 2004
assault.  However, counsel concludes that
while this may have factored into the trial court=s sentencing
decision, there is no indication in the record that he did not or could not
consider the entire applicable range of punishment.  We agree. 
Our review convinces us that appellate counsel conducted a
complete review of the record.  We have
also made an independent examination of the entire record to determine whether
there are any arguable grounds which might support the appeal from the
revocation and sentence.  We agree the record presents no arguably
meritorious grounds for review. 
Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.











[1]  See Tex. Penal Code Ann. '
22.02 (Vernon 2009).





[2]Counsel shall, within five days after
the opinion is handed down, send his client a copy of the opinion and judgment,
along with notification of the defendant=s right to file a pro se petition for discretionary
review.  See Tex. R. App. P. 48.4.