NO. 07-09-00147-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
AUGUST 17, 2010
--------------------------------------------------------------------------------

 
 ERIC LEE DIAZ, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;
 
 NO. 16,202-A; HONORABLE HAL MINER, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Appellant Eric Lee Diaz appeals from the judgment revoking his community supervision and sentencing him to fourteen years of imprisonment and imposing on him a $10,000 fine. Appellant's attorney has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsels conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial courts judgment.
In July 2004, appellant was indicted for aggravated assault with a deadly weapon. In November 2004, appellant plead guilty to that offense and was placed on community supervision for a period of five years. Appellants supervision was conditioned on his compliance with specified terms and conditions. In 2006, after appellant violated terms of his community supervision, his supervision was extended with supplemental terms added.
Thereafter, in April 2008, the State filed a motion to revoke appellants community supervision, alleging ten violations. This motion was heard by the court in March 2009. Appellant plead "true" to eight allegations. The court received evidence concerning each.
Appellants probation officer testified in support of the motion to revoke. The victim of the aggravated assault with a deadly weapon also testified, describing the events that caused a compound fracture to his nose, an exposed sinus cavity, cuts and bruises all over his body, and a dislocated shoulder. He identified appellant as the individual who hit him in the face with a brick.
Appellant testified at the hearing, explaining his version of the events involved in the assault. He denied using a brick to hit the victim in the head. Appellant admitted to several of the other allegations made by the State and expressed his desire to remain on probation and be with his young children. 
Based on appellants pleas of true and the evidence presented before it, the court revoked appellants community supervision and assessed appellants punishment at confinement in the Institutional Division for a period of fourteen years. The court certified appellants right of appeal, and he timely filed notice of appeal.
Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to Anders in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to revoke appellants community supervision. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the Anders brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel. Appellant has not filed a response.
In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
Counsel concludes the court did not abuse its discretion in revoking appellants community supervision. Appellant plead true to all but two of the States allegations. A plea of true to even one allegation in the States motion is sufficient to support a judgment revoking community supervision. Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209 (Tex.App.San Antonio 2006, pet. denied). 
Counsel also determines the record does not support a contention that the court acted outside the zone of reasonableness in imposing appellants sentence as it was within the range proscribed by the Penal Code for this offense. See Tex. Penal Code Ann. 22.02 (Vernon 2009); Tex. Penal Code Ann. 12.33 (Vernon 2007). See also Jordan v. State, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.Amarillo 1996, pet. refd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions). Counsel does note that the judge expressed displeasure that appellant denied the use of the brick in the assault after entering a plea of guilty to the charge and signing plea papers admitting he used the brick in the 2004 assault. However, counsel concludes that while this may have factored into the trial courts sentencing decision, there is no indication in the record that he did not or could not consider the entire applicable range of punishment. We agree. Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

 James T. Campbell
 Justice

Do not publish.