NO. 07-11-00057-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL E
 
--------------------------------------------------------------------------------
AUGUST 31, 2011
--------------------------------------------------------------------------------

 
 KARLA YVETTE CARRILLO, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;
 
 NO. 58,294-E; HONORABLE DOUGLAS WOODBURN, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.

 MEMORANDUM OPINION
 
 Appellant Karla Yvette Carrillo appeals from the trial court's adjudication of her guilt for the offense of burglary of a habitation and the resulting sentence of eight years of imprisonment. Appellant's attorney has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.
 Background
In November 2009, appellant plead guilty to the offense of burglary of a habitation. The trial court deferred adjudication of guilt and placed appellant on community supervision for a period of two years. Appellant's community supervision was conditioned on her compliance with specified terms and conditions. In July 2010, the State filed a motion to proceed with an adjudication of guilt and the court heard the motion in January 2011.
At the outset of the hearing, the State waived one of its allegations. Appellant plead "true" to each of the State's remaining allegations. The record also contains documents signed by appellant, including a stipulation of evidence and judicial confession. Appellant testified at the hearing, admitting each violation, and explaining her reasons for each violation. The trial court, based on appellant's plea of "true" and the evidence presented, revoked her community supervision and adjudicated appellant guilty. The trial court assessed punishment against appellant at eight years of imprisonment and a $500 fine. This appeal followed.
Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to Anders in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there are no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the Anders brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the Anders brief and motion to withdraw filed by her counsel. Appellant has not filed a response.
In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim. App.1991).
In his brief, counsel concludes no arguably meritorious issues are presented here. We agree. Appellant entered a plea of "true" to each of the State's allegations the trial court considered. These admissions alone warranted the trial court's decision to adjudicate guilt. See Lewis v. State, 195 S.W.3d 205, 209 (Tex.App.--San Antonio 2006, no pet.) (holding that one's probation can be revoked on any ground supported by the evidence). We note also appellant's punishment was within the permissible range for a second degree felony. Appellant originally plead guilty to burglary of a habitation, an offense with an applicable punishment range of not more than 20 years or less than 2 years. See Tex. Penal Code Ann. § 12.33 (West 2009). The trial court sentenced appellant to eight years of imprisonment, a term well within the applicable range. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).
Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree it presents no arguably meritorious grounds for review. We grant counsel's motion to withdraw and affirm the trial court's judgment. 

 James T. Campbell
 Justice

Do not publish.