NO. 07-11-00319-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
JULY 12, 2012
--------------------------------------------------------------------------------

 
 SUNNY LYNN PIERSON EMERT, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 242ND DISTRICT COURT OF HALE COUNTY;
 
 NO. B17559-0802; HONORABLE EDWARD LEE SELF, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
 
 Appellant, Sunny Lynn Pierson Emert, appeals from a judgment revoking her deferred adjudication community supervision, adjudicating her guilty of the offense of forgery of a financial instrument and sentencing her to two years of confinement in a state jail facility. Appellant's attorney filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies there are no non-frivolous issues to appeal. We agree with appointed counsel's conclusion that the record fails to show any arguably meritorious issue that could support the appeal and affirm the trial court's judgment.
 In July 2007, appellant was indicted for forgery of a financial instrument. In July 2008, appellant pleaded guilty pursuant to a plea agreement and received deferred adjudication community supervision for a period of three years. An agreed order modifying probation was entered in March 2009. The State filed a motion to proceed to adjudication in August 2009 and the court heard the motion in February 2010. Appellant pleaded "true" to the allegations in the State's motion and the court continued appellant on deferred adjudication community supervision with modified terms. In May 2011, the State filed another motion to proceed to adjudication. The court heard the motion in August 2011. Appellant pleaded "true" to the allegations in the State's motion and the court heard appellant's testimony as well as the testimony of her community supervision officer. The court concluded appellant violated the terms of her community supervision, revoked her community supervision, and adjudicated her guilty of forgery of a financial instrument. The court assessed punishment at two years in a state jail facility, and assessed a $2000 fine. This appeal followed.
 Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to Anders in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there are no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the Anders brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the Anders brief and motion to withdraw filed by her counsel. Appellant has not filed a response.
In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
In his brief, counsel concludes no arguably meritorious issues are presented here. Appellant entered a plea of "true" to each of the State's allegations. These admissions alone warranted the trial court's decision to adjudicate guilt. See Lewis v. State, 195 S.W.3d 205, 209 (Tex.App.--San Antonio 2006, no pet.) (holding that one's probation can be revoked upon any ground supported by the evidence). Nevertheless, the State also presented evidence illustrating the grounds alleged in its motion. Thus, the trial court had a basis on which to adjudicate appellant's guilt.
We note also appellant's punishment was within the permissible range for a state jail felony. Appellant originally pleaded guilty to forgery of a financial instrument, an offense with an applicable punishment range of not more than two years or less than 180 days. See Tex. Penal Code Ann. § 12.35 (West 2011). The trial court sentenced appellant to two years of imprisonment, a term within the applicable range. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).
Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

 James T. Campbell
 Justice

Do not publish.