NO. 07-11-00115-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 12, 2012

_____

NICOLE C. FERGUSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 3701; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Nicole C. Ferguson appeals from the trial court's adjudication of her guilt for the offense of possession of marijuana and the resulting sentence of twelve years of imprisonment. Appellant's attorney has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman*, 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In March 2007, appellant plead guilty to the offense of possession of marijuana. The trial court deferred adjudication of guilt and placed appellant on community supervision for a period of seven years. Appellant's community supervision was conditioned on her compliance with specified terms and conditions. In February 2010, the State filed a motion to proceed with an adjudication of guilt and the court heard the motion in December 2010.

Appellant plead "true" to all but one of the allegations. The State waived the allegation to which appellant plead "not true." The record also contains documents signed by appellant, including a stipulation of evidence and revocation of probation form. Appellant testified, denying knowledge that the packages in her car contained marijuana and attempting to explain her failures to comply with the conditions of her community supervision. The State also presented the testimony of appellant's community supervision officer. She testified to appellant's failure to report, make required payments, conduct and document job searches and fulfill community service hours. The trial court, based on appellant's plea of "true" and the evidence presented, revoked her community supervision and adjudicated appellant guilty. The trial court assessed punishment against appellant at twelve years of imprisonment. This appeal followed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history

of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there are no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, counsel concludes no arguably meritorious issues are presented here. We agree. Appellant entered a plea of "true" to all but one of the State's allegations. These admissions alone warranted the trial court's decision to adjudicate guilt. *See Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.--San Antonio 2006, no pet.) (holding that one's probation can be revoked upon any ground supported by the evidence). Nevertheless, the State also presented evidence illustrating the grounds alleged in its motion. Thus, the trial court had basis upon which to adjudicate appellant's guilt.

We note also appellant's punishment was within the permissible range for a second degree felony. Appellant originally pleaded guilty to possession of marijuana, an offense with an applicable punishment range of not more than 20 years or less than 2 years. *See* Tex. Penal Code Ann. § 12.33 (West 2011). The trial court sentenced appellant to twelve years of imprisonment, a term well within the applicable range. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[1] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[1] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.

4