NO. 07-11-00150-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 26, 2012

ROBERT ANDREW BARNES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NO. CR20,781; HONORABLE EDWARD P. MAGRE, JUDGE

Before QUINN, C.J., and CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Robert Andrew Barnes appeals from the trial court's order revoking his deferred adjudication community supervision and adjudicating him guilty of the offense of criminal nonsupport[2] and the resulting sentence of eighteen months in a state jail facility. Appellant's attorney has filed a brief in compliance with *Anders v. California*,

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] Tex. Penal Code Ann. § 25.05 (West 2011). This offense is a state jail felony, punishable by confinement in a state jail for any term of not more than two years or less than 180 days. Tex. Penal Code Ann. § 12.53 (West 2011).

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman*, 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In 2003, appellant was charged by indictment with the offense of criminal nonsupport. Appellant plead not guilty to the charge but the case was abated pending the resolution of a civil case. The case was reinstated in March 2006 and appellant plead guilty in April 2007. In August 2007, appellant was placed on deferred adjudication community supervision for a period of five years. Appellant's community supervision was conditioned on his compliance with specified terms and conditions. In August 2009, the State filed a motion to proceed with adjudication, alleging appellant violated three conditions of his probation, mostly concerning his failure to pay court-ordered restitution in the form of child support. Appellant also failed to report to his community supervision officer as required. In November 2010, the court heard the State's motion. Appellant plead "true" to each allegation. The trial court heard evidence and at the conclusion of the hearing, revoked appellant's deferred adjudication community supervision and adjudicated him guilty of criminal nonsupport. In February 2011, the court ordered appellant to serve eighteen months in state jail and assessed $86,409.87 in restitution. This appeal followed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities

and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there are no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response. The State filed a brief agreeing the appeal has no merit.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

In his brief, counsel concludes no arguably meritorious issues are presented here. We agree. Appellant entered a plea of "true" to each of the State's allegations. These admissions alone warranted the trial court's decision to adjudicate guilt. *See Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.--San Antonio 2006, no pet.) (holding that one's probation can be revoked upon any ground supported by the evidence).

3

Nevertheless, the State also presented evidence illustrating the grounds alleged in its motion. Thus the trial court had basis on which to adjudicate appellant's guilt.

Counsel also discusses a potential issue concerning the application of the statute of limitations and whether trial counsel was ineffective for failing to move to quash the indictment. Counsel analyzes this decision under the standard in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) and concludes the record does not show ineffective assistance. We agree that this record does not support an arguably meritorious ineffective assistance of counsel claim.

We note also appellant's punishment was within the permissible range for a state jail felony. Appellant originally plead guilty to criminal nonsupport, an offense with an applicable punishment range of a term in a state jail for not more than two years or less than 180 days. *See* Tex. Penal Code Ann. § 12.35 (West 2011). The trial court sentenced appellant to eighteen months of imprisonment, a term well within the applicable range. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.-- Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that a sentence within the range of punishment established by the Legislature in a valid statute does not violate state or federal prohibitions).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the record to determine

4

whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.