

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-13-00016-CR

___

NICOLE BRIANNE BARNETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 18,959-B, Honorable John B. Board, Presiding

___

June 12, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Nicole Brianne Barnett appeals from the trial court's order revoking her deferred adjudication community supervision, adjudicating her guilty of the offense of robbery, and sentencing her to twenty years of imprisonment. Her court-appointed

appellate counsel has filed a motion to withdraw supported by an *Anders*[1] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

Background

Appellant was charged via indictment for the felony offense of robbery.[2] Appellant plead guilty in June 2008 and the court placed her on deferred adjudication community supervision for a period of eight years. The court modified the conditions of community supervision in October 2010, and again in 2011. In February 2012, the State filed a motion to revoke the community supervision, and the trial court again modified its terms, adding requirements of AA meeting attendance, participation in an intensive supervision program, and confinement in the Randall County jail for a period of ten days.

In September 2012, the State filed another motion to revoke, and, in November 2012, an amended motion to revoke. On December 19, 2012, the court heard the amended motion, alleging four violations of conditions of community supervision. The State waived its first allegation and appellant plead "true" to the remaining three allegations.

---

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)*; see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding) ("[T]he sole purpose of an *Anders* brief is to explain and support the motion to withdraw").

[2] Tex. Penal Code Ann. § 29.02 (West 2012). This is a second degree felony punishable by imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West 2012).

The court proceeded to hear evidence, including testimony from the victim of the original robbery, and witnesses to an extraneous recent offense. The court also heard testimony from three witnesses called on appellant's behalf. Appellant testified, denying the extraneous offense. She also testified in favor of continuation of her community supervision. The court adjudicated appellant guilty of the original offense of robbery and sentenced her to twenty years of incarceration in the Texas Department of Criminal Justice-Institutional Division. This appeal followed.

Analysis

After certifying to his thorough review of the record, appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, and the evidence presented at the hearing. Counsel discusses several grounds of potential error but concludes the trial court did not abuse its discretion by revoking appellant's community supervision and imposing a sentence within the permissible range. Correspondence indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out the right of appellant to review the record and file a *pro se* response. By letter, we also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.—San Antonio 1997, no pet.). If this court

determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

As noted, appellant plead "true" to three of the State's allegations of violation of the terms of community supervision. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.—San Antonio 2006, pet. denied). We have also reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Our review convinces us that appellate counsel conducted a complete review of the record. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.