

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00063-CR

DAISY YANNIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A18219-0911, Honorable Robert W. Kinkaid Jr., Presiding

July 10, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Daisy Yannis appeals from the trial court's order revoking her community supervision and imposing a sentence of eighteen months in a State Jail facility. Appellant's attorney has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman*, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

Appellant was charged via a 2009 indictment with the offense of forgery of a financial instrument.[1] Appellant plead guilty to the charge and, the trial court accepted her plea and found her guilty. Pursuant to a plea agreement with the State, the trial court assessed a sentence including a term of eighteen months confinement in a State Jail facility, but suspended the confinement and placed appellant on community supervision for a period of five years. Appellant's supervision was conditioned on her compliance with specified terms and conditions. In November 2012, the State filed a motion to revoke, alleging appellant violated several terms and conditions of her community supervision.

The trial court heard the State's motion to revoke in January 2013. At that hearing, appellant plead "true" to each of the State's allegations. She testified, admitting she used marijuana in violation of the terms of her supervision. She also admitted she failed to report to her community supervision officer in Hale County by mail as required. She further admitted to failing to pay required fees and costs and to failing to complete her community service. She asked the court to continue her community supervision.

Based on appellant's plea of "true" and the evidence presented before it, the court revoked appellant's community supervision and assessed appellant's punishment at confinement for a period of eighteen months. The court certified appellant's right of appeal and she timely filed notice of appeal.

---

[1] Tex. Penal Code Ann. § 32.21(d) (West 2012).

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to revoke appellant's community supervision. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.—Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant filed a response addressing her counsel's motion and brief.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.—San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel points to a potential issue regarding the sufficiency of the evidence to support the revocation of appellant's community supervision. Counsel concludes the evidence was sufficient to satisfy the State's burden to prove each allegation by a preponderance of the evidence. Appellant plead "true" to all of the State's allegations.

3

A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.--San Antonio 2006, pet. denied). We find also that the record provides no reason to doubt that appellant freely, knowingly, and voluntarily entered her plea of "true" to the allegations contained in the State's motion to revoke.

We note also the record does not support a contention that the court acted outside the zone of reasonableness in imposing appellant's sentence as it was within the range proscribed by the Penal Code for this offense. *See* Tex. Penal Code Ann. § 32.21(d) (West 2012); Tex. Penal Code Ann. § 12.35 (West 2012). *See also Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App..—Amarillo 1996, pet. ref'd).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record, including appellant's response, to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.