

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00252-CR

_____

PALMER R. ROSS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-0263-11

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Palmer R. Ross appeals from the revocation of his community supervision.[1] Ross originally pled guilty to the offense of criminal non-support, a state jail felony, and was placed on community supervision April 1, 2013. Six months later, on September 20, 2013, his community supervision was revoked. Ross' appellate counsel filed a brief January 16, 2014, that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.

Counsel's brief provided a professional evaluation of the record and demonstrated why, in effect, there are no arguable grounds to be advanced on appeal, which meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 709–10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). As also required by *Anders*, counsel filed a motion with this Court seeking to withdraw as counsel in this appeal. The *Anders* brief, a copy of the motion to withdraw, and a letter informing Ross of his right to independently review the record and file a pro se response were forwarded to Ross by his attorney.

Ross filed his pro se response March 17, 2014, in which he (1) complains about allegedly discourteous behavior by his trial counsel, (2) claims that he originally stopped paying child support because the mother of his child no longer wanted it, (3) claims that he has evidence

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. See TEX. R. APP. P. 41.3.

showing that he made child support payments in the form of money orders per the instructions of his community supervision officer, and (4) suggests that someone took those money orders and used them for their own purposes. Ross also argues that records from the Attorney General's Office show that he has paid all child support currently due. Ross contends that the trial court erred in entering a judgment against him for non-support because the mother of his child never filed a motion or any other suit seeking payment of any arrears. Finally, Ross raises a number of procedural complaints about the way in which he was convicted and indicates some confusion about the revocation including a contempt proceeding, though the word "contempt" does not appear in this record.

We first feel compelled to emphasize that this appeal in no way relates to Ross' original guilty plea to the offense of criminal non-support or to the judgment placing him on community supervision that was entered as a result of that guilty plea. Rather, this appeal is limited to a review of the order revoking Ross' community supervision. In a nutshell, Ross pled true to the State's allegation that he violated the conditions of his community supervision by using a controlled substance, and Ross has raised no complaint that in any way challenges that plea. A plea of "true" to even one allegation is sufficient to support a judgment revoking community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (violation of single condition of community supervision sufficient to support trial court's decision to revoke); *Lewis v. State*, 195 S.W.3d 205, 208 (Tex. App.—San Antonio 2006, no pet.).

3

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]

Jack Carter
Justice

Date Submitted:     April 15, 2014
Date Decided:       April 30, 2014

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.